```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
AMERICAN EUROPEAN INSURANCE        :
COMPANY,                           :
                                   :       REPORT AND
                       Plaintiff,  :       RECOMMENDATION
                                   :
             -against-             :       21-CV-725 (MKB)(PK)
                                   :
TRI STATE PLUMBING & HEATING INC., :
YONG CHEN, ANITA BHOLA, DOMINGO    :
JEREZ,                             :
                                   :
                       Defendants. :
------------------------------------------------------------------ X
```

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff American European Insurance Company ("AEIC" or "Plaintiff") brought this action against Tri State Plumbing & Heating Inc. ("Tri State"), Yong Chen, Anita Bhola, and Domingo Jerez (collectively, "Defendants"), seeking a declaratory judgment that it does not have a duty to defend or indemnify any party in connection with an underlying action filed by Jerez against Tri State, Chen and Bhola in New York Supreme Court, County of Kings ("the Underlying Action").

Before the Court on referral from the Honorable Margo K. Brodie is Plaintiff's Motion for Default Judgment against Defendants (the "Motion"). (Dkt. 16.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be GRANTED.

### FACTUAL BACKGROUND

The following facts are taken from the Complaint (Compl., Dkt. 1) and documents submitted in support of the Motion: the affidavit of AEIC Senior Claims Representative David Johnson ("Johnson Aff.," Dkt. 16-9), the insurance policies issued by Plaintiff to Tri State ("Policy," Dkt. 16-10; "Umbrella Policy," Dkt. 16-11), the Verified Complaint in the Underlying Action ("Jerez Complaint," Dkt. 16-12), the Notice of Claim and accompanying letter sent by counsel for Jerez to Plaintiff ("Jerez Notice of Claim," Dkt. 16-13), the Bill of Particulars provided by Jerez in the

1

Underlying Action ("Jerez Bill of Particulars," Dkt. 16-15), and the disclaimer letter sent by Plaintiff to Tri State ("Disclaimer Letter," Dkt. 16-16). They are accepted as true for purposes of the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in its favor).

### I. The AEIC Policies

Plaintiff issued a commercial general liability insurance policy (the "Policy") and a commercial liability umbrella policy (the "Umbrella Policy") (collectively, the "AEIC Policies") to Tri State for the period from January 15, 2017 through January 15, 2018. (Compl. ¶ 9.) The Policy has a general aggregate limit of $2 million and provides coverage for damages that Tri State, as the insured, becomes legally obligated to pay because of "bodily injury" or "property damage" to which the insurance coverage applies, and it also creates a duty for AEIC to defend Tri State from any suit seeking those damages. (Policy at 8 (all page references are to ECF pagination).) The Umbrella Policy provides additional coverage up to $5 million to pay the "ultimate net loss" owed by the insured because of "bodily injury" or "property damage" and creates a duty for AEIC to defend Tri State from any suit seeking those damages to which the insurance applies when the underlying policy is exhausted. (Umbrella Policy at 4 (all page references are to ECF pagination).)

The AEIC Policies contain several exclusions and endorsements, including provisions which exclude coverage for "bodily injury" suffered by employees or contractors of the insured. Section 2 of both policies states in relevant part,

> 2. **Exclusions**
> This insurance does not apply to:
> …
> > b. Contractual Liability
> > "Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.
> > ….

2

    d. Workers' Compensation And Similar Laws
    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

(Compl. ¶ 10; Policy at 9.)

In addition, an endorsement to the Policy, titled "EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS, AND EMPLOYEES OF CONTRACTORS," states:

    2.e  Employers Liability

    This insurance does not apply to:

    (1) "Bodily injury" to any "employee" of any insured arising out of or in the course of:
      a) Employment by any insured; or
      b) Performing duties related to the conduct of any insured's business;

    (2) "Bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the contractor or its employee performing services of any kind or nature whatsoever;

    (3) Any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" to an insured's employee or any contractor or any contractor's employee; ….

(Compl. ¶ 11; Policy at 56.)  The Umbrella Policy contains a substantially similar endorsement, which states:

    This insurance does not apply to:

    I. "bodily injury" to any "employee" of any insured arising out of or in the course of:

      a) Employment by any insured; or
      b) Performing duties related to the conduct of any insured's business;

    II. "bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor or "employee" of such contractor for which any insured may become liable in any capacity; or

    III.    Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"; ….

3

(Compl. ¶ 12; Umbrella Policy at 44.)

### II.     The Underlying Action

In the Underlying Action, which was brought in New York Supreme Court, Kings County on August 20, 2019 and captioned *Domingo Jerez v. Yong Chen, Anita Bhola, and Tri State Plumbing & Heating Inc.*, Index No. 518394/2019, Jerez alleged that on August 19, 2017, he "was impacted by glass he was conveying from one point to another" at 154-35 20th Avenue, Whitestone, New York "due to a collision with a worker," and that, as a result, he sustained "severe physical injuries…." (Jerez Complaint ¶ 23; Compl. ¶¶ 6, 7.) Jerez was employed by Tri State as a construction worker at the time of the incident. (Jerez Bill of Particulars ¶ 9.) Jerez alleged that Tri State, Chen and Bhola owned, operated, maintained, managed, and controlled the premises where the incident occurred (Jerez Complaint ¶¶ 2-6, 8-12, 15-19) and that they were engaged in the business of real estate development (*Id.* ¶¶ 7, 13, 20.) He also alleged that at the time of the incident, "an agreement existed between [Tri State, Chen and Bhola] relative to certain construction, excavation, demotion, labor and/or related services to be performed by [them], their agents, servants, representatives, subcontractors and/or employees with reference to the aforesaid premises…." (*Id.* ¶ 21.) The Underlying Action asserts a claim of negligence against Tri State, Chen and Bhola and seeks compensatory and punitive damages. (*Id.* ¶¶ 24, 27.)

On September 12, 2019, counsel for Jerez notified AEIC of the Underlying Action and the claim giving rise to it. (Jerez Notice of Claim.) On October 8, 2019, AEIC issued a disclaimer letter to Tri State denying coverage for claims asserted against Tri State in the Underlying Action. (Disclaimer Letter.) Plaintiff afforded Tri State a defense subject to the outcome of this case, and an answer was filed on Tri State's behalf in the Underlying Action on November 20, 2019. (Johnson Aff. ¶ 16; Ex. E to Johnson Aff.)

4

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on February 2, 2021 seeking declaratory judgment that it has no insurance coverage obligations to defend or indemnify Defendants in the Underlying Action. (*See* Compl. at 10.) Defendants were served with the Complaint and Summons but did not answer or otherwise respond to the Complaint. (Dkts. 6-8.) On April 7, 2021, Plaintiff requested and the Clerk of the Court entered default as to all Defendants. (Dkt. 12.)

Plaintiff filed the Motion on December 8, 2021.[1]

On September 8, 2022, the Court held a conference during which Plaintiff confirmed that it has not had any contact with Defendants regarding this case. (Minute Entry dated Sept. 8, 2022.)

## DISCUSSION

### I. Default Judgment Standard

Federal Rule of Civil Procedure 55 governs the procedure that applies in cases where there is a default during the course of litigation. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). It provides "a 'two-step process' for the entry of judgment against a party who fails to defend." *Id.* (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). Then, the plaintiff must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Failure to answer may constitute a default, as may failure to defend at later stages of litigation. *See* Fed. R. Civ. P. 55(a). Here, Defendants did not file an answer to the Complaint.

---

[1] Plaintiff previously filed a motion for default judgment on April 8, 2021 (Dkt. 13) but erroneously served it on Tri State at 30-70 Prince Street #107, Flushing, NY 11354. Plaintiff was granted leave to refile for default judgment and serve Tri State at 33-70 Prince Street, Suite 706, Flushing, NY 11354, the address listed on Plaintiff's supporting documents and Tri State's corporate website. (Dkt. 15; Order dated Dec. 7, 2021.)

"A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true." *United States v. Myers*, 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017). A court must draw all reasonable inferences in the moving party's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). A court must ensure that (1) jurisdictional requirements are satisfied, *see Mickalis*, 645 F.3d at 125-27, 133; (2) the plaintiff took all required procedural steps in moving for default judgment, *see* Loc. Civ. R. 55.2; and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law, *see Finkel*, 577 F.3d at 84.

## II. Jurisdictional Requirements

### A. *Subject Matter Jurisdiction*

Plaintiff seeks a declaratory judgment in this action pursuant to 28 U.S.C. § 2201. ("Civil Cover Sheet," Dkt. 1-5.) Because the Declaratory Judgment Act does not itself confer subject matter jurisdiction on the Court, there must be an independent basis for federal jurisdiction. *See Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006). Plaintiff claims diversity as the basis of jurisdiction. (*See* Civil Cover Sheet.) Federal courts have jurisdiction over civil actions between citizens of different states where the "amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

#### i. *Diversity of Citizenship*

Plaintiff has met the burden of establishing diversity of citizenship as to all Defendants. Plaintiff is a New Jersey insurance corporation with a principal place of business in New Jersey. (Compl. ¶ 1.) Tri State is a New York corporation with a principal place of business in New York. (Compl. ¶ 2.) Chen, Bhola, and Jerez are individuals who reside in New York. (Compl. ¶¶ 3-5.) The parties are, thus, citizens of different states. 28 U.S.C. §§ 1332(a)(1), (c).

6

### ii. *Amount in Controversy*

In declaratory judgment actions based on diversity jurisdiction, "the amount in controversy is measured by the value of the object of the litigation." *Am. Safety Cas. Ins. Co. v. 385 Onderdonk Ave., LLC*, 124 F. Supp. 3d 237, 241 (E.D.N.Y. 2015) (quoting *Correspondent Servs.*, 442 F.3d at 769) (internal quotations omitted). In an insurance coverage case, "the value of the object of the litigation depends on Plaintiff's insurance coverage obligations." *Id.* at 242. If Plaintiff prevails, it will have no duty to defend or indemnify Defendants in the Underlying Action; however, if Defendants prevail, Plaintiff will be required to defend, and possibly indemnify, Defendants against the claims in the Underlying Action. *Id.*; *see also Lighton Indus., Inc. v. Allied World Nat'l Assurance Co.*, 348 F. Supp. 3d 167, 181 (E.D.N.Y. 2018). "To determine the amount in controversy in a declaratory action premised on diversity jurisdiction, courts look to the 'potential monetary value of the right, or amount of the liability,' in 'a present or potential coercive action[.]'" *Certified Multi-media Sols., Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp., L.L.C.*, 150 F. Supp. 3d 228, 239 (E.D.N.Y. 2015), *aff'd*, 674 F. App'x 45 (2d Cir. 2017) (quoting *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 68 (2d Cir. 2012)).

The party invoking jurisdiction "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citing *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)) (internal quotation marks omitted). When there is a question of jurisdiction, the Court may look to other evidence in the record and is not bound to the pleadings alone. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *United Food & Com. Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305-06 (2d Cir. 1994).

In the Complaint, Plaintiff has not alleged a specific dollar amount in controversy. However, a review of the record satisfies the undersigned that the required minimum amount in controversy is

met. The object of the litigation is Plaintiff's obligations under the Policies. The potential liability to Plaintiff is the $2 million limit on coverage under the Policy and the $5 million limit under the Umbrella Policy. *See Certified Multi-media Sols,* 150 F. Supp. 3d at 239 (finding amount in controversy requirement met based on $1 million limit on coverage set forth in insurance policy at issue).

There is, thus, a reasonable probability that the Underlying Action could result in insurance coverage obligations in excess of $75,000.[2] Accordingly, there is diversity jurisdiction over Plaintiff's claim.

### iii. Personal Jurisdiction and Service

"[A] court may not properly enter a default judgment until it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-5050(FB)(CLP), 2015 WL 1469619, at *4 (E.D.N.Y. Mar. 30, 2015). An individual may be served according to state law where service is made. Fed. R. Civ. P. 4(e)(1).

The Complaint and Summons were served on Tri State via the New York Secretary of State on February 24, 2021. (Dkt. 6.) Such service comports with the service requirements of the New York Civil Practice Law & Rules ("C.P.L.R."). *See* C.P.L.R. 308(3) (McKinney 2019).

On February 19, 2021, a copy of the Complaint and Summons was left with a person of suitable age and discretion at Jerez's dwelling, and an additional copy was mailed to his home. (Dkt. 8.) Likewise, on February 22, 2021, copies of the Complaint and Summons were left with a person

---

[2] Moreover, in the Underlying Action, which was filed in New York Supreme Court, Jerez seeks compensatory and exemplary damages "in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court, together with the costs and disbursements of each cause of action." (Jerez Complaint at 9.) A $50,000 limit is imposed on New York Civil Court claims. N.Y. Const. art. VI, § 15(b). Thus, in addition to the damages sought, if Plaintiff is not absolved of its duty to defend in the Underlying Action, there is "a reasonable probability that […] the cost of litigation and/or any potential settlement could be well in excess of" $25,000, thus exceeding the $75,000 threshold required for this Court's jurisdiction. *Am. Safety Cas. Ins. Co.*, 124 F. Supp. 3d at 242.

of suitable age and discretion at Chen's dwelling, with an additional copy mailed to his home (Dkt. 7), and at Bhola's dwelling, with an additional copy mailed to her home. (Dkt. 8.) Jerez, Chen, and Bhola were, thus, properly served with the Summons and Complaint in accordance with the service requirements of C.P.L.R. 308(2).

### III. Procedural Compliance

Plaintiff filed the following documents in support of the Motion: Notice of Motion (Dkt. 16); a Declaration in Support of the Motion (Dkts. 16-1); the Complaint (Dkt. 16-2); the Summons (Dkt. 16-3); proof of service of the Complaint on Defendants (Dkts. 16-4, 16-5, 16-6); the Clerk's Certificate of Default (Dkt. 16-8); an Affidavit in Support of the Motion (Dkt. 16-9); the AEIC Policy (Dkt. 16-10); the AEIC Umbrella Policy (Dkt. 16-11); the summons issued in the Underlying Action (Dkt. 16-12); the Notice of Claim (Dkt. 16-13); Tri State's Answer in the Underlying Action (Dkt. 16-14); Jerez' Bill of Particulars in the Underlying Action (Dkt. 16-15); the Disclaimer Letter (Dkt. 16-16); a Memorandum of Law in Support of the Motion (Dkt. 16-17); and an Affidavit of Service of the Motion on Defendants (Dkt. 17). Although no proposed form of default judgment was attached to the Motion, *see* Loc. Civ. R. 55.2(b)(3), the relief sought is sufficiently stated in the Motion.

Accordingly, Plaintiff's filings are in compliance with Local Civil Rules 7.1 and 55.2.

### IV. Duty to Defend or Indemnify

Plaintiff alleges that it has no obligation to defend or indemnify Tri State or any other party with regard to the claims asserted in the Underlying Action because the AEIC Policies exclude coverage for bodily injury of employees, contractors, and employees of contractors.

Under New York law, insurance policies are contracts and are thus interpreted according to principles of contract interpretation. *See Frazer Exton Dev., L.P. v. Kemper Envtl., Ltd.*, 153 F. App'x 31, 32–33 (2d Cir. 2005); *In re Estates of Covert*, 761 N.E.2d 571, 576 (N.Y. 2001). "In New York, if a contract is straightforward and unambiguous, its interpretation presents a question of law for the

9

court." *Postlewaite v. McGraw–Hill, Inc.*, 411 F.3d 63, 67 (2d Cir. 2005) (internal quotation marks omitted). If the provisions of a contract are unambiguous, courts should enforce them as written. *Goldberger v. Paul Revere Life Ins. Co.*, 165 F.3d 180, 182 (2d Cir. 1999); *Lee v. Union Mut. Fire Ins. Co.*, No. 20-CV-3191(MKB), 2022 WL 3370086, at *6 (E.D.N.Y. Aug. 16, 2022).

Under New York law, a policyholder bears the burden of showing that the insurance contract covers the loss. *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 276 (2d Cir. 2000). "If the insurance contract cannot reasonably be construed to cover the claim […] then the policyholder has not met its burden of proving that it suffered a covered loss." *Id.*; *see also Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 144 (2d Cir. 2004). An insurer's duty to defend is limited absolutely by the scope of insurance coverage. *Id.* at 144. "To avoid the duty to defend, an insurer 'must demonstrate that the allegations of an underlying complaint place that pleading solely and entirely within the exclusions of the policy and that the allegations are subject to no other interpretation.'" *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 77 (2d Cir. 2013) (quoting *Hanover Ins. Co. v. Cowan,* 568 N.Y.S.2d 115, 116 (App. Div. 2d Dep't 1991)). The duty to indemnify is narrower than the duty to defend, so if there is no duty to indemnify a claim, then there is no duty to defend against it. *Id.*; *EAD Metallurgical, Inc. v. Aetna Cas. & Sur. Co.,* 905 F.2d 8, 11 (2d Cir. 1990).

The terms of the AEIC Policies unambiguously preclude coverage for bodily injury of employees, contractors, and employees of contractors, including Jerez. Both the Policy and Umbrella Policy contain provisions stating that the insurance does not apply to "'[b]odily injury' to any 'employee' of any insured arising out of or in the course of: [ ] [e]mployment by any insured; or [ ] [p]erforming duties related to the conduct of any insured's business…." (Policy at 56; Umbrella Policy at 44.) The AEIC Policies also exclude from coverage any claims pertaining to obligations of the insured under a workers' compensation, disability benefits or unemployment compensation law or

10

similar law, and any "bodily injury" claims arising from an assumption of liability by or contract with the insured. (Policy at 9; Umbrella Policy at 5.)

Jerez describes his vocation as "[c]onstruction worker" and his employer as Tri State; thus, he was an employee of Tri State. (*See* Jerez Bill of Particulars ¶ 9.) He also alleges that Tri State, Chen and Bhola had an agreement to have construction work performed at the premises where the incident occurred. (Jerez Complaint ¶ 21.) His claim, therefore, encompassed bodily injury that arose out of or in the course of his employment by Tri State.

Under the plain language of the AEIC Policies, coverage for the claims asserted in the Jerez Action are excluded. Neither Chen nor Bhola is insured under the Policies. (Policy at 2; Umbrella Policy at 2.) Thus, the AEIC Policies create no duty to defend or indemnify Tri State as the insured, or any of the other Defendants. *See Campoverde v. Fabian Builders, LLC*, 83 A.D.3d 986, 987-988 (2d Dep't 2011) (holding that insurer was not obligated to defend or indemnify contractors where under the plain meaning of the exclusion in the insurance policy the policy did not provide coverage for bodily injury sustained by contractor); *Guachichulca v. Laszlo N. Tauber & Assocs., LLC*, 37 A.D.3d 760, 760-762 (2d Dep't 2007) (holding that insurer was not obligated to defend or indemnify a general contractor for bodily injury where the insurance policy contained an exclusion for bodily injury to employees of insured); *Carriage Dev., Inc. v. U.S. Underwriters Ins. Co.*, 4 A.D.3d 305, 305 (1st Dep't 2004) (finding that insurer was not obligated to indemnify insured for injury to contractor where the insurance policy contained an exclusion for bodily injury arising from "operations performed by independent contractor"); *Moleon v. Kreisler Borg Florman Gen. Const. Co.*, 304 A.D.2d 337, 340 (1st Dep't 2003) (holding that insurer was not obligated to defend or indemnify a subcontractor employee where the "employee exclusionary clause is plain and unambiguous").

Accordingly, Plaintiff has no obligation to defend or indemnify Tri State or any other party as to claims asserted in the Underlying Action because the AEIC Policies preclude coverage for bodily injury of Tri State's employees.

### V. Declaratory Judgment is Appropriate

Plaintiff requests that the Court declare that it does not have a duty to defend or indemnify Defendants in the Underlying Action. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, in an "actual controversy within its jurisdiction," the Court "may declare the rights and legal relations" of a party seeking a declaration. *Id.* "Actual controversy" has been interpreted to mean that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy an[d] reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). Declaratory judgments should resolve a "real question of conflicting legal interests." *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992). Insurance coverage cases, the Second Circuit has emphasized, provide "the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real." *Id.* (internal quotations omitted). The focus should be on whether there is a practical likelihood that the contingency will occur. *Id.*; *see also United States Underwriters Ins. Co. v. Image By J & K, LLC*, 335 F. Supp. 3d 321, 345-46 n.17 (E.D.N.Y. 2018). "In applying the practical likelihood test, the Court focuses on whether there is pending litigation or the likelihood of future litigation that may require Plaintiff to indemnify [defendant]." *United States Underwriters Ins. Co.*, 335 F. Supp. 3d at 345-46 n.17 (finding that where defendant had already filed an action against plaintiff and there was a "practical likelihood" that plaintiff would be held liable in the underlying action, the indemnification claim was ripe).

Here, Jerez has commenced an action against Tri State, who is insured by Plaintiff, and he has filed a Notice of Claim with Plaintiff regarding the Underlying Action. Although liability in the

12

Underlying Action has not yet been determined and, therefore, Plaintiff is not yet required to indemnify Tri State or any other party, Plaintiff has already begun to defend in the Underlying Action by providing defense counsel to Tri State, who has filed an answer in that case. (*See* Tri State Answer in Underlying Action, Dkt. 16-14.)

Therefore, Plaintiff's claim with regard to both a duty to defend and to indemnify Tri State in the Underlying Action is ripe, and Plaintiff seeks declaratory judgment to resolve an actual controversy between the parties regarding Plaintiff's duty.

Accordingly, the undersigned respectfully recommends that declaratory judgment be entered in Plaintiff's favor.

## CONCLUSION

Based on the foregoing, I respectfully recommend that Plaintiff's Motion for Default Judgment be GRANTED as to all Defendants, and that the Court enter a judgment declaring that Plaintiff does not have a duty to defend or indemnify Defendants as to any of the claims asserted in the Underlying Action.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any just objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

                                                        **SO ORDERED:**

                                                        *Peggy Kuo*

                                                        PEGGY KUO
                                                        United States Magistrate Judge

Dated:    Brooklyn, New York
              September 15, 2022